IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELBOURNE NORTH WATER STREET CORPORATION, f/k/a SHELBOURNE NORTH WATER STREET, L.P., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL ASSET MANAGEMENT AGENCY and NATIONAL ASSET LOAN MANAGEMENT DAC, Statutory Bodies of the Republic of Ireland, <br><br> Defendants. | Case No. 1:18-cv-01461 <br><br> Hon. Judge Andrea R. Wood |

**DEFENDANTS' MOTION TO DEFER UNDER
THE MANDATORY INITIAL DISCOVERY PILOT PROJECT ORDER**

Defendants, National Asset Management Agency ("NAMA") and National Asset Loan Management DAC ("NALM", and together with NAMA, "Defendants"), respectfully move this Court to enter an order of deferral under the Mandatory Initial Discovery Pilot Project Order (the "MIDP Order"). In support of their motion, Defendants state as follows:

### INTRODUCTION

1. Pursuant to the MIDP Order, a party must file its pleadings under the timeframes of Rule 12(a)(1)-(3) even if the party has filed a Rule 12(b) motion to dismiss. MIDP Order at ¶ A(3).

2. However, the Court may for "good cause" defer the time for filing such pleadings while it considers a motion to dismiss based upon, among other things: (a) lack of subject matter jurisdiction, (b) lack of personal jurisdiction, and (c) sovereign immunity. *Id.*

3. Defendants have filed a motion to dismiss which sets forth all three of these reasons for dismissal, in addition to various other bases for dismissal including under Rules

12(b) and 8, for *forum non conveniens*, and under the *Colorado River* doctrine. Defendants have also filed a motion to refer this matter to the United States Bankruptcy Court for the Northern District of Illinois for that court's consideration of certain issues set forth in the motion to dismiss that relate to Plaintiff's chapter 11 bankruptcy proceeding, and which Defendants believe are dispositive of the claims made in the Plaintiff's complaint. Plaintiff has yet to file a response to either motion and both motions remain pending.

4. For the reasons that follow, Defendants request that the Court enter an order deferring the time for Defendants to file their answer, defenses and/or counterclaims, and to respond to the mandatory initial discovery, in accordance with Paragraph A(3) of the MIDP Order.

## BACKGROUND

5. On February 27, 2018, Plaintiff filed its Verified Complaint, Jury Demand and Notice of Reliance on Foreign Law [D.I. 1] (the "Complaint"). This case was originally assigned to the Honorable Marvin E. Aspen, who does not participate in the Mandatory Initial Discovery Pilot Project (the "MIDP").

6. On May 11, 2018, the Defendants filed their Motion to Dismiss or Strike Plaintiff's Complaint [D.I. 24] and supporting Memorandum [D.I. 25] (collectively, the "Motion to Dismiss"), seeking dismissal under Rule 12(b)(1), (2), and (6) and 8, and on the basis of *forum non conveniens* and the *Colorado River* doctrine.

7. Specifically, Defendants seek dismissal of the Complaint under: (a) Rule 12(b)(1) because: (i) there is no diversity of citizenship under 28 U.S.C. § 1332, and (ii) the Defendants are "foreign states" that qualify for immunity under the Foreign Sovereign Immunities Act (the "FSIA"); (b) Rule 12(b)(2) because the court lacks personal jurisdiction over the Defendants; (c) Rule 12(b)(6) as all five Counts fail to state a claim; (d) *forum non conveniens* because Ireland

2

provides a far more appropriate forum; and (e) the *Colorado River* doctrine as to Counts IV and V because parallel proceedings to those claims are currently pending in Ireland.

8. Defendants have also moved to strike or dismiss the Complaint for violating Rule 8. The Complaint is 60 pages long (exclusive of exhibits), includes 382 paragraphs—many of which contain multiple allegations—and is comprised largely of unnecessary and defamatory allegations and argumentation.

9. Defendants have also moved to dismiss under Rule 12(b)(6) because Plaintiff's claims are barred by certain injunctions, waivers and releases agreed to by Plaintiff and approved by the Bankruptcy Court in Plaintiff's chapter 11 bankruptcy case.

10. Simultaneously with the Motion to Dismiss, Defendants filed a Motion to Refer this Case to the Bankruptcy Court [D.I. 23] (the "Motion to Refer"), seeking referral of this matter to the Bankruptcy Court for a determination of whether the Complaint is barred by the injunctions, waivers and releases agreed to by Plaintiff and approved by final orders entered in Plaintiff's chapter 11 bankruptcy case.

11. On May 4, 2018, this Court entered a minute order [D.I. 22], pursuant to which, among other things: (a) Plaintiff was granted until June 11, 2018 to file its response to the Motion to Dismiss; (b) Defendants were granted until June 26, 2018 to file their reply in support of the Motion to Dismiss; (c) Plaintiff was granted until June 1, 2018 to file its response to Defendants' Motion to Refer; and (d) Defendants were granted until June 11, 2018 to file their reply in support of the Motion to Refer.[1]

12. Thus, the Court set the Motion to Refer on a separate, more expeditious briefing schedule than the Motion to Dismiss, which, Defendants believe, makes sense and best serves

---

[1] The Court also expanded the page limitation for Defendants' Motion to Dismiss and Motion to Refer, and directed Defendants to simultaneously file a supplemental summary brief not to exceed 15 pages, which Defendants did on May 11, 2018. *See.* D.I. 30.

3

judicial economy. Disposition of the Motion to Refer—which is directed solely to the procedural issue of which court should adjudicate matters related to Plaintiff's chapter 11 bankruptcy—will necessarily impact how, and by which Court, the Motion to Dismiss is considered.

13. Plaintiff subsequently filed a motion [D.I. 31] seeking: (a) leave to file a single brief that encompasses responses to the Motion to Dismiss and Motion to Refer, as well as a cross-motion for summary judgment, (b) an extension of time to respond to Defendants' pending motions, and (c) leave to exceed the page limitation under Local Rule 7.1.

14. Defendants have filed a limited objection [D.I. 33] to Plaintiff's motion, solely on the basis that the Motion to Dismiss, Motion to Refer, and purported cross-motion for summary judgment should not be lumped into one brief. Each of those motions address distinct, separate issues and law, and melding them into a single brief would only confuse the issues and be a disservice to judicial economy.

15. Plaintiff's motion was set for presentment before the Honorable Marvin E. Aspen on June 7, 2018. On June 5, 2018, this case was reassigned and the June 7th hearing date was stricken [D.I. 36]. On June 6, 2018, the parties received notice of this Court's participation in the MIDP and, accordingly, Defendants bring this Motion seeking deferral under the MIDP Order.

### RELIEF REQUESTED AND BASIS FOR RELIEF

16. By this Motion, Defendants seek an order deferring the time for Defendants to file their answer, defenses and/or counterclaims, and to respond to the mandatory initial discovery, in accordance with Paragraph A(3) of the MIDP Order.

17. Pursuant to the MIDP Order, "[p]arties must file answers, counterclaims, crossclaims, and replies within the time set forth in Rule 12(a)(1)-(3) even if they have already filed a preliminary motion pursuant to Rule 12(b)." MIDP Order at ¶ A(3).

18. However, "the Court may defer the time for good cause while it considers a motion to dismiss based on: (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, [and] (3) sovereign immunity, …". *Id.*

19. Here, good cause exists for the Court to defer the time for Defendants to file their answer, defenses, and/or counterclaims. First, Defendants have moved to dismiss on the basis that this Court lacks subject matter jurisdiction because there is no diversity amongst the parties. Defendants are "foreign states" (as defined under 28 U.S.C. § 1603(a)) and 28 U.S.C. § 1332 does not contemplate diversity between a domestic citizen as plaintiff, such as Plaintiff here, and "foreign states" as defendants, such as NALM and NAMA. Even if Defendants are not "foreign states," diversity is still defeated because Plaintiff has contrived diversity in violation of 28 U.S.C. § 1359 by converting itself from a limited partnership (the ultimate member of which is an Irish citizen) into a corporation.

20. Defendants have also moved to dismiss on the basis that they are immune from suit in the United States under the FSIA. The Motion to Dismiss sets forth in detail why Defendants are "foreign states" immune from suit under the FSIA, and the Complaint—which itself refers to Defendants as "Statutory Bodies of the Republic of Ireland"—offers no exception to the FSIA (likely because it relies, albeit improperly, on diversity jurisdiction).

21. Given these facts, it is unlikely that Plaintiff will be able to meet its burden to establish subject matter jurisdiction in this Court, and thus good cause exists to defer the time for Defendants to file their answer, affirmative defenses, and/or counterclaims.

22. Likewise, as set forth in the Motion to Dismiss, the Complaint fails to establish this Court's personal jurisdiction over Defendants. Good cause to defer under the MIDP Order exists on this basis as well.

23. Further, although not one of the enumerated considerations for deferral under the MIDP Order, Defendants believe the issues presented in the Motion to Refer also constitute good cause to defer Defendants' time to file their answer, affirmative defenses, and/or counterclaims. The Motion to Refer seeks referral of this matter to the Bankruptcy Court on a discrete issue that could dispose of all of Plaintiff's claims and, as noted above, that motion was originally set on a separate, shorter briefing schedule than the Motion to Dismiss. If the Motion to Refer is granted, then the Bankruptcy Court will determine the course it wants to take vis-à-vis the relevant portions of the Motion to Dismiss and potential discovery related thereto.

24. Lastly, even if Plaintiff's Complaint survived all other bases of dismissal, there would remain the violation of Rule 8, a violation which would impose a substantial burden on Defendants were they to have to answer the Complaint as it stands. Again, although not one of the enumerated considerations under the MIDP Order, Defendants contend that good cause exists to defer until such time as the Complaint is brought compliant with Rule 8, assuming it survives dismissal.

25. Based upon the foregoing, good cause also exists to defer the time for the parties to make any mandatory disclosures under the MIDP Order until after the Motion to Refer and Motion to Dismiss have been resolved and/or this Court makes determinations as to its subject matter and personal jurisdiction.[2]

---

[2] Defendants will, of course, comply with any Order entered by this Court, including orders related to discovery. However, Defendants assert that they are "foreign states" under the FSIA and, as such, should enjoy "immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000) (citing *U.S. v. Moats*, 961 F.2d 1198, 1203 (5th Cir. 1992) ("sovereign immunity is an immunity from the burdens of becoming involved in any part of the litigation process, from pre-trial wrangling to trial itself.")).

WHEREFORE, Defendants respectfully request that this Court enter an order deferring the time for Defendants to file their answer, defenses and/or counterclaims, and to respond to the mandatory initial discovery, in accordance with Paragraph A(3) of the MIDP Order, and granting such other and further relief as the Court deems just and proper.

          Respectfully submitted,

          NATIONAL ASSET MANAGEMENT AGENCY and NATIONAL ASSET LOAN MANAGEMENT DAC

          By:   /s/ Faye B. Feinstein
                One of their attorneys

Faye B. Feinstein (ARDC #6186627)
faye.feinstein@quarles.com
Charles E. Harper (ARDC #6269908)
charles.harper@quarles.com
Travis Eliason (ARDC #6299722)
travis.eliason@quarles.com
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654
Telephone: (312) 715-5000
Facsimile: (312) 715-5155

QB\52681514.1